**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Traffic Tech Incorporated, | No. CV-25-01356-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Clean Bottling Incorporated, | |
| Defendant. | |

At issue is Plaintiff's Motion for Attorneys' Fees (Doc. 17, Motion), supported by a Declaration (Doc. 18), to which Defendant did not respond. The Court, having reviewed Plaintiff's Motion and Declaration, and good cause appearing, will grant the Motion.

## I.     Legal Standard

Under Local Rule of Civil Procedure 54.2, a party seeking an award of attorneys' fees and related non-taxable expenses must show that it is eligible for an award, entitled to an award, and that the requested award is reasonable. LRCiv 54.2(c). Eligibility and entitlement to an award depends on the applicable statutory, contractual, or legal authority "upon which the movant seeks an award." LRCiv 54.2(c)(1)–(2). The Court finds that Plaintiff complied with the requirements of LRCiv 54.2 in filing its motion.

## II.     Discussion

Plaintiff contends that it is eligible for an award of attorneys' fees because it filed suit against Defendant to enforce the agreed-upon terms of the Settlement Agreement between them, which specifically provided for the award of fees incurred during any

1    proceeding necessary to enforce the agreement. (Mot. at 5; Doc. 1, Ex. A at 1.) The Court's

2    granting of a default judgment (Doc. 15) on Plaintiff's breach of contract claim following

3    Defendant's nonresponse indicates that Plaintiff prevailed in the underlying suit, justifying

4    its eligibility for recovery of attorneys' fees. *See Gary v. Carbon Cycle Arizona LLC*, 398

5    F. Supp. 3d 468, 475 (D. Ariz. Aug. 16, 2019) ("Plaintiffs may be considered 'prevailing

6    parties' for attorney's fees purposes if they succeed on any significant issue in litigation

7    which achieves some of the benefit the parties sought in bringing suit.").

8        Additionally, the Court finds that Plaintiff is entitled to the reasonable attorneys'

9    fees incurred in the drafting and filing of the present Motion. As the Court found in *Gary*,

10   398 F. Supp. 3d at 479, "it would be inconsistent to dilute a fees award by refusing to

11   compensate attorneys for the time they reasonably spent in establishing their rightful claim

12   to the fee." (*See* Mot. at 5.) Consequently, the Court finds that Plaintiff is entitled to the

13   attorneys' fees incurred in preparing the Motion.

14       With regard to the reasonableness of Plaintiff's fee request, the Court finds the

15   hourly rate charged by the responsible counsel, both individually and as aggregated, to be

16   within the market rate and consistent with the factors for reasonableness set forth in LRCiv

17   54.2(c)(3). The number of hours billed for the work necessary in this truncated matter—

18   investigating and formulating the Complaint, Motion for Default Judgment, and the instant

19   Motion—are reasonable given the straightforward nature of the underlying dispute. The

20   fees billed are also within the range of similar awards granted by this Court, as cited by

21   Plaintiff. *See Lemus v. Blackrock CM Inc.*, No. CV-24-02561-JAT (D. Ariz. Feb. 11,

22   2025); *ReBath LLC v. Baths & More of Georgia LLC*, No. 19-cv-05276-PHX-MTL (D.

23   Ariz. Dec. 4, 2020). Accordingly, the Court finds the requested amount of fees reasonable.

24   Although Plaintiff included a summary of costs in its Motion (Mot. at 6), Plaintiff has duly

25   filed a Bill of Costs under LRCiv 54.1, which the Court will address separately.

26       **IT IS THEREFORE ORDERED** granting Plaintiff's Motion for Attorneys' Fees

27   (Doc. 17) and awarding Plaintiff $7,654.50 in attorneys' fees.

28   . . .

1

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter a supplemental

2

judgment of an award of attorneys' fees against Defendant Clean Bottling, Inc. and in favor

3

of Plaintiff Traffic Tech, Inc. in the amount of $7,654.50, plus post-judgment interest at

4

the statutory rate.

5

Dated this 25th day of July, 2025.

6

7

Honorable John J. Tuchi
United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28